Filed 9/14/23  P. v. Boyajian CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F085631 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F22903726) |
| WILLIAM SCOTT BOYAJIAN, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Monica R. Diaz, Judge.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Detjen, Acting P. J., Snauffer, J. and De Santos, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a no contest plea which disposed of all issues between the parties.  (Pen. Code § 1237, subd. (a).)[1]

## STATEMENT OF THE CASE

On May 24, 2022, the Fresno County District Attorney filed a complaint alleging that on or about May 22, 2022, Boyajian committed corporal injury to his spouse (§ 273.5, subd. (a); count 1); attempted murder of M.F. (§§ 187, subd. (a), 664; count 2), with the enhancement of personally inflicting great bodily injury (§ 12022.7, subd. (a)); assault with a deadly weapon on M.M. (§ 245, subd. (a)(1); count 3); assault with a deadly weapon on M.F. (§ 245, subd. (a)(1); count 4), with the enhancement of personally inflicting great bodily injury (§ 12022.7, subd. (a)); and assault with a deadly weapon on C.F. (§ 245, subd. (a)(1); count 5).[2]

On December 15, 2022, Boyajian entered a no contest plea to count 3, assault with a deadly weapon, a blunt instrument, with an agreed upon lid of two years.  Boyajian acknowledged he was pleading to a "strike" offense.  The parties stipulated to a factual basis for the plea.  The remaining counts were dismissed in light of the plea.

On January 17, 2023, the trial court sentenced Boyajian to two years in state prison to run concurrent with his sentence in an unrelated misdemeanor case, case No. M22910598.  He was given 481 days of actual and good time custody credit.  The trial court ordered him to pay restitution to the victim in an amount reserved to court jurisdiction, $300 in restitution (§ 1202.4, subd. (b)); $300 in restitution (§ 1202.45),

---

[1] All statutory references are to the Penal Code unless otherwise stated.

[2] The May 24, 2022, complaint alleged the deadly weapon used in counts 3 through 5 was a vehicle.  Count 3 was subsequently amended by interlineation at the December 15, 2022, change of plea hearing to allege the deadly weapon was instead a "blunt object."

suspended; a $40 court security fee (§ 1465.8, subd. (b)); and a $30 criminal conviction assessment (Gov. Code, § 70373).

On January 19, 2023, Boyajian filed a timely notice of appeal. He did not request a certificate of probable cause.

## STATEMENT OF FACTS[3]

"The Confidential Victim (CV), age 28, and William Scott Boyajian were in a previous dating relationship for approximately one year. They have no children in common and were not residing together. Although no longer in a romantic relationship, the two remained best friends, spending time with each other on a regular basis.

"On May 22, 2022, at approximately 8:00 p.m., the CV was driving Boyajian's Dodge Charger, after he made a request earlier that day that she pick it up for him at an unknown location. As the CV got within half a mile of her grandfather's residence, she noticed a vehicle behind her as she was stopped at a stop sign. She then observed Boyajian exit the driver side of that vehicle. As he approached the CV, he was yelling and acting aggressively. The CV believed he was under the influence of alcohol, based on his demeanor.

"Boyajian proceeded to accuse the CV of stealing his vehicle and called her a 'bitch.' Based on Boyajian requesting she pick up his vehicle earlier that day, she was confused by the accusation. As the CV repeatedly asked Boyajian what was going on, he suddenly punched her in the face multiple times with a closed fist, possibly causing her to lose consciousness. Boyajian then grabbed the CV by the hair and threw her out of the vehicle, onto the roadway.

"[C.F.] (age 51) and the CV's grandfather, [M.F.] (age 53) were outside and heard a loud commotion. Their neighbor, [M.M.] (age 48), was outside barbequing and also heard the loud noise. The three men ran to the street and observed Boyajian pulling the CV out of the vehicle, onto the roadway.

---

[3] Because Boyajian entered a no contest plea prior to a preliminary hearing, these facts are quoted directly from the probation officer's report filed January 17, 2023.

3.

While [M.M.] called 911, Boyajian got into his vehicle and slammed the door shut. [C.F.] and [M.F.] ran towards the vehicle. As they did so, Boyajian drove a couple of yards before stopping.

"When [M.F.] got within 10 to 15 feet of the vehicle, he heard Boyajian yell out, 'I will fucking kill you.' [M.F.] subsequently crossed over to the other lane of traffic, in an attempt to reach the driver side door to prevent Boyajian from leaving. Once [M.F.] was in the roadway, Boyajian proceeded to accelerate at a high rate of speed and hit him with the front driver side bumper area of his vehicle. [M.F.] was dragged for a short distance before breaking free and crawling off the roadway.

"[C.F.], who was standing approximately 20 feet away from [M.F.] when he was hit, also had to jump out of the way as Boyajian attempted to hit him with the vehicle. Boyajian drove approximately 100 feet, made a U-turn, and began driving north in the southbound lane of traffic. [M.M.], who was standing in the northbound lane, had to jump out of the way to avoid being hit when Boyajian swerved his vehicle into the northbound lane in an attempt to hit him.

"As the vehicle passed [C.F.], he got a look at the driver, who he recognized as the CV's exboyfriend (Boyajian).

"At approximately 8:20 p.m., a deputy responded to the location and observed Emergency Medical Services (EMS) already on scene evaluating [M.F.], who was lying in the roadway, yelling and screaming in severe pain. His heel had been degloved and, based on his injuries, he had to be immediately transported to Community Regional Medical Center (CRMC).

"As [M.F.] was being loaded into the ambulance, he told the deputy Boyajian intentionally ran him over with his vehicle and told him he was going to kill him. [M.F.] would remain at CRMC until he was discharged on May 28, 2022, after undergoing a surgery to repair the degloving injury.

"The deputy contacted the CV, whose lip was swollen and bruised. She had dried blood around her mouth and teeth, her

4.

right knee had what appeared to be road rash burns that were bleeding, and her right bicep had light bruising. The CV provided a statement before EMS arrived to medically evaluate her. She declined transportation to the hospital and was granted an Emergency Protective Order (EPO).

"The California Highway Patrol (CHP) spotted the suspect vehicle and conducted a vehicle stop. Boyajian subsequently exited his vehicle and told the officer, 'She tried to steal my car.' He was then detained without incident.

"After the deputy arrived at the traffic stop and took custody of Boyajian, he noticed Boyajian had a road rash injury to his right forearm, lower right abdomen, and right leg that were bleeding. He also complained of pain to his back and shoulder.

"While the deputy waited on EMS to arrive, he Mirandized Boyajian, who requested to speak to an attorney. Later, Boyajian told the deputy he wanted to speak to him about a robbery. As the deputy spoke with Boyajian, he observed him to be sweating profusely with a strong odor of an alcoholic beverage emitting from his person.

"Boyajian denied seeing the CV that day and indicated he was robbed at gunpoint by two males, who opened his vehicle door and pulled him out. Boyajian claimed he jumped on the back of his vehicle as they drove away with it, which caused his injuries.

"The deputy transported Boyajian to CRMC for medical clearance. After being medically cleared, he was transported and booked into the Fresno County Jail."

**APPELLATE COURT REVIEW**

Boyajian's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also includes the declaration of appellate counsel indicating Boyajian was advised he could

5.

file his own brief with this court. By letter on July 28, 2023, we invited Boyajian to submit additional briefing. To date, he has not done so.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Boyajian.

## DISPOSITION

The judgment is affirmed.